Michael J. McCue
Nevada Bar No. 6055
MMcCue@lrrc.com
Jonathan W. Fountain
Nevada Bar No. 10351
JFountain@lrrc.com
Meng Zhong
Nevada Bar No. 12145
MZhong@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169-5996
702.949.8200 (tel.)
702.949.8398 (fax)

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GBM – SEASON 2, LLC, a Nevada limited liability company, BATTLE OF THE STRANDS INC., a Nevada corporation; BEAUTY FITNESS AND FASHION TV, INC. a Nevada corporation; and MINA LU, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TOTALLY PACKAGED, LLC, a limited liability company; MUSIC 4 MY SOUL LLC, a limited liability company; VEDA L. SMITH, an individual,<br>Defendants. | Case No.:  2:16-cv-00570<br><br>**COMPLAINT** |

For its Complaint against Defendants Totally Packaged, LLC, Music 4 My Soul LLC d/b/a Music 4 My Soul Management Company/Entertainment Company, and Veda L. Smith (collectively, "Defendants"), Plaintiffs GBM – Season 2, LLC, Battle of the Strands Inc., Beauty Fitness and Fashion TV, Inc. and Mina Lu ("Plaintiffs") states the following:

**NATURE OF THE ACTION**

1. This is an action, bought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., seeking a declaratory judgment that Plaintiffs has not infringed Defendants' claimed

-1-

copyrights in marketing plans and for breach of contract, trade disparagement, tortious interference with contract, and fraud.

## JURISDICTION AND VENUE

2. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338 because Plaintiffs' primary cause of action, which seeks a declaration of non-infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, (the "Copyright Act"), arises under the laws of the United States. In addition, this Court has supplemental subject matter jurisdiction over Plaintiffs' state law causes of action, pursuant to 28 U.S.C. § 1367(a), because such causes of action are so related to Plaintiffs' copyright claim, over which the Court has original jurisdiction, that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Additionally, upon information and belief, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

4. This Court has specific personal jurisdiction over Defendants because Plaintiffs' causes of action arise from Defendants' activities within this judicial district and the exercise of specific personal jurisdiction over Defendants would otherwise be reasonable.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' causes of action occurred in this judicial district. Specifically, the agreements at issue were performed in Las Vegas, Nevada and the alleged violation of Defendants' copyrights occurred in connection with a competition held in Las Vegas, Nevada.

## PARTIES

6. Plaintiff GBM – Season 2, LLC is a Nevada limited liability company with its principal place of business in Nevada. GBM has one member, Midwest Multi-Business Corporation, a domestic Nevada corporation.

7. Plaintiff Battle of the Strands Inc. is a Nevada corporation with its principal place of business in Nevada.

8. Plaintiff Beauty Fitness and Fashion TV, Inc. is a Nevada corporation with its principal place of business in Nevada.

9. Plaintiff Mina Lu is an individual residing in and a citizen of Nevada.

10. Defendant Totally Packaged, LLC is believed to be a limited liability company with its principal place of business in Los Angeles, California. Upon information and belief, Totally Packaged, LLC is owned by Ms. Smith, who is believed to be a resident and citizen of California.

11. Music 4 My Soul, LLC is believed to be a limited liability company with its principal place of business in Los Angeles, California. Upon information and belief, Music 4 Soul, LLC is owned by Ms. Smith, who is believed to be a resident and citizen of California.

## GENERAL ALLEGATIONS

12. GBM owns the rights in a beauty competition known as "Global Beauty Masters," which was held in Las Vegas, Nevada, on or about October 3-5. GBM also owns rights in the television series based on the competition, which is scheduled to begin airing on March 17, 2016. Ms. Lu is a principal of GBM. GBM's affiliated and related entities are Battle of the Strands, Inc. and Beauty Fitness and Fashion TV, Inc.

13. In connection with the competition, GBM or one or more of the Plaintiffs, entered into various agreements with Defendants by which the Defendants agreed to provide certain services, including procuring talent to host at the competition, procuring sponsors and production partners, and developing a marketing plan.

14. There is a dispute between Plaintiffs and Defendants regarding the amount that is due and owing under these agreements.

15. Defendants procured talent for the competition but intentionally made false and fraudulent representations to Plaintiff regarding the amount to be paid the talent to induce Plaintiffs to overpay the talent while concealing that Defendants were pocketing most of the money paid for the talent, rather than merely a commission for procuring the talent.

16. Further, Defendants demanded payment of monies that Plaintiffs did not agree to pay for what Defendants delivered to GBM and there is a dispute as to the timing of payment. In written demands, Defendants have asked for over $208,000 in payment.

17. Additionally, without Plaintiffs' knowledge or consent and despite the fact that GBM paid Defendants $3,000 for developing the marketing plan, Defendant Totally Packaged, LLC filed for copyright registration for the marketing plan. Further, Defendants have claimed that the work product that they created expressly for GBM and for which GBM has paid contains "creative ideas, designs, business plans and/or business proposals" that are owned by Defendants.

18. GBM believes it owns the copyrights in the marketing plan (although the marketing plan was deficient and amateurish). Even if Defendant Totally Packaged, LLC owns valid copyrights in the marketing plan, Defendant granted at least an express or implied license to one or more of the Plaintiffs to use the marketing plan including any alleged intellectual property contained therein.

19. Defendants are attempting to use the alleged copyrights and other intellectual property in the marketing plan to extort money from the Plaintiffs.

20. Upon information and belief, Defendants are making false and defamatory statements of fact regarding Plaintiffs to third parties and such statements have damaged Plaintiffs.

21. Upon information and belief, Defendants are planning to seek injunctive relief to stop the broadcast of the GBM television series, which is set to begin airing. Although the Defendants' marketing plan is not related to the television series and despite the fact that GBM is not using Defendants' marketing plan or any alleged intellectual property contained therein, Defendants are attempting to use their alleged rights to cause as much disruption and damage as possible to Plaintiffs and the parties involved in the television series.

22. Defendants are attempting to use the alleged copyrights in the marketing plan to protect unprotectable ideas and concepts.

### Count I – Declaratory Judgment

23. Plaintiffs incorporate each of the foregoing allegations as if fully set forth herein.

24. GBM owns the copyrights in the marketing plan and any other intellectual property in or to the marketing plan or other work product created by Defendants for Plaintiffs.

25. Even if GBM does not own the copyrights or other intellectual property in the

marketing plan or other work product created by Defendants for Plaintiffs, GBM has an express or implied license to use the copyrights and other intellectual property in the marketing plan.

26. The copyrights in the marketing plan and other work product do not extend to ideas or concepts embodied therein.

27. Plaintiffs are not infringing any copyrights or other intellectual property rights allegedly owned by Defendants.

28. Defendants have been paid in full for all amounts due to them under the agreements or otherwise.

29. Based on the aforementioned allegations, a real and justiciable case or controversy exists between Plaintiffs and Defendants concerning whether Plaintiffs have infringed Defendants' claimed copyright or other intellectual property rights.

30. Such controversy is ripe for adjudication.

### Count II – Breach of Contract

31. Plaintiffs incorporate each of the foregoing allegations as if fully set forth herein.

32. GBM (or one or more of the other Plaintiffs) and Defendants entered into certain agreements.

33. Defendants have failed to perform their obligations under the agreements.

34. Based on the aforementioned acts, Defendants breached certain terms of those agreements.

35. As the result of the breach, GBM and one or more of the other Plaintiffs has been damaged in an amount to be determined at trial.

### Count III – Trade Disparagement

36. Plaintiffs incorporate each of the foregoing allegations as if fully set forth herein.

37. Defendants have made defamatory statements of fact regarding Plaintiffs.

38. Defendants published the statements to third parties.

39. Defendants' statements were false.

40. Defendants' statements caused Plaintiffs to suffer damages.

///

-5-

7473222_1

### Count IV – Tortious Interference with Contact

41. Plaintiffs incorporate each of the foregoing allegations as if fully set forth herein.

42. Plaintiffs have entered into valid and existing contracts with sponsors, a television network and others relating to the airing of the GBM television series.

43. Defendants have knowledge of the contracts.

44. Defendants have engaged in intentional acts intended to disrupt or induce breach of the contracts.

45. Defendants' conduct has caused or is likely to cause actual disruption of such contracts.

46. Plaintiffs have suffered damages as a result.

### Count V - Fraud

47. Plaintiffs incorporate each of the foregoing allegations as if fully set forth herein.

48. Defendants intentionally made false representations regarding the amount of payment to the talent for the GBM competition.

49. Defendants intentionally made false representations that GBM owned or would own the intellectual property rights in the marketing plan and other work product upon payment.

50. Defendants made the representations with the knowledge or belief that the representations were false.

51. The Defendants intended to induce the Plaintiffs to act or refrain from acting on the representation.

52. The Plaintiffs justifiably relied on the representations.

53. The Plaintiffs were damaged as a result of such reliance.

54. Defendants' statements were material.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in Plaintiffs' favor and against Defendants, and that the Court enter judgment:

A. Declaring that Plaintiffs own the copyrights and other intellectual property rights in the marketing materials and other work product created by Defendants for Plaintiffs and, in the

alternative, if they do not own such copyrights, Plaintiffs have an implied license to use and are not otherwise infringing the copyrights or other intellectual property rights;

      B.      Declaring that Defendants have substantially and materially breached material terms of agreements between GBM (or one or more of the other Plaintiffs) and Defendants;

      C.      Enjoining Defendants from engaging in unlawful conduct set forth in the Complaint;

      D.      Awarding Plaintiffs compensatory, special and punitive damages;

      E.      Awarding Plaintiffs their costs and reasonable attorneys' fees; and

      F.      Awarding Plaintiffs such other and further relief as the Court deems just and equitable.

DATED: March 15, 2016.

LEWIS ROCA ROTHGERBER
CHRISTIE LLP

By:  /s/ Michael J. McCue
Michael J. McCue
Jonathan W. Fountain
Meng Zhong
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996

*Attorneys for Plaintiffs*

3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

7473222_1