**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GBM–Season 2, LLC, et al., ) | Case No. 2:16-cv-00570-RFB-CWH |
| Plaintiffs, ) | |
| vs. ) | **ORDER** |
| TOTALLY PACKAGED, LLC, et al., ) | |
| Defendants. ) | |

Presently before the Court is Plaintiffs' GMB–Season 2, LLC, Battle of the Strands, Inc., Beauty Fitness and Fashion TV, Inc., and Mina Lu's Motion for Extension of Time for Service (ECF No. 7), filed on June 24, 2016.

Plaintiffs request until September 20, 2016, to serve the summonses and complaint on Defendants Totally Packaged, LLC, Music 4 My Soul, LLC, and Veda L. Smith. Plaintiffs' current deadline for serving Defendants expired on June 13, 2016. In support of their motion, Plaintiffs submit a declaration of attorney Liza Youssefyeh stating that Plaintiffs have been in settlement discussions with Defendants' representatives, that Defendants have not been served to facilitate settlement and to conserve costs, and that service of the complaint at this time would possibly derail settlement negotiations. (Decl. of Liza Youssefyeh (ECF No. 7-1).) Plaintiffs do not address why they did not move to extend time for service before the deadline expired, however, given that Plaintiffs cite an outdated version of Federal Rule of Civil Procedure 4(m), the Court understands Plaintiffs to be mistaken as to the correct service deadline.[1]

///

---

[1] Rule 4(m) was amended effective December 1, 2015, to reduce the presumptive time for serving a defendant from 120 days to 90 days.

Rule 4(m) establishes the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 90 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing version of Rule 4(m) with 120-day deadline). If the serving party does not show good cause, the Court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Plaintiffs have not demonstrated good cause to extend time to serve Defendants. Although Plaintiffs argue good cause exists because the parties have been engaged in settlement discussions, Plaintiffs have not been diligent because they failed to move to extend time to serve Defendants before the 90-day deadline expired. Regardless, under Rule 4, the Court has discretion, even without good cause, to extend the time for service. Given that this is Plaintiffs' first request to extend time for service, the Court will grant Plaintiffs until September 20, 2016, to serve Defendants. Plaintiffs are advised that failure to comply with this deadline or to timely request an extension of this deadline will weigh strongly against a finding of good cause in the future.

///
///
///
///
///

IT IS THEREFORE ORDERED that Plaintiffs' GMB–Season 2, LLC, Battle of the Strands, Inc., Beauty Fitness and Fashion TV, Inc., and Mina Lu's Motion for Extension of Time for Service (ECF No. 7) is GRANTED, making the service deadline September 20, 2016, for all defendants.

DATED: June 27, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**